### In re JAMAICA SLATE ROOFING & SUPPLY CO.

(District Court, E. D. New York. June 20, 1912.)

BANKRUPTCY (§ 99*)—DISMISSAL OF PROCEEDINGS—GROUNDS.

The mere fact that a corporation adjudged a bankrupt may pay its creditors in full is no ground for dismissal of the proceeding, though an attempt has been made by a creditor to use the bankruptcy court in an improper way.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 136, 146; Dec. Dig. § 99.*]

In the matter of the Jamaica Slate Roofing & Supply Company, an alleged bankrupt. Motion to dismiss the proceeding denied.

M. S. Schoenbaum, for intervening creditor.

Robert McC. Robinson, for petitioning creditors.

CHATFIELD, District Judge. The motion is to dismiss the proceeding, in which adjudication has been had and a trustee appointed. The objecting creditor filed no answer, nor was the question of solvency raised by any one. At the first meeting certain claims were proven, which appear to be filed by relatives of individuals having some previous connection with the bankrupt, and the testimony upon the examination under section 21a furnishes a basis for some action by the present objecting creditor, either toward an attempt to expunge these claims or to have their allowance opened and oppose them before the referee. It is also hinted that there is ground for opposing the discharge of the bankrupt and for possible prosecution of various individuals, and the objecting creditor should see that none of his rights as to these matters are lost. No notice of the application for dismissal has been given to the various creditors, as is necessary under the statute, nor would the fact that the company may pay 100 cents on the dollar be a ground for refusing administration in bankruptcy, even if an attempt has been made by one creditor to use the bankruptcy court in an improper way. Such payment would result in a dismissal of the case; but not until the creditors are sure of their pay in full.

The trustee, according to the record, was appointed by the referee upon a failure by the creditors to elect. This means that the trustee must be presumed to be impartial and ready to do whatever is to the advantage of the estate. Any reluctance on his part, or improper action, would be a basis for his removal, and, if the corporation had assets which can be traced, it should be possible to locate and trace them in bankruptcy.

I see no reason why better success should be expected if the bankruptcy petition were set aside; and the present motion must be denied, but without prejudice as to any other action as to which the objecting creditor may be advised.